883 F.2d 76
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles H. WILLIAMS, Plaintiff-Appellant,
Bobby Allen-El, Plaintiff,
v.
Gerald MASON; Shelly Miller, Defendants-Appellees.
 No. 89-1062.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1989.
 
 1
 Before JONES and MILBURN, Circuit Judges, and SAM H. BELL, District Judge.*
 
 ORDER
 
 2
 Charles H. Williams, a pro se Michigan prisoner, appeals the district court's order dismissing his civil rights suit filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking declaratory and injunctive relief, plaintiffs, two prisoners at Brighten Correction's Camp in Pinckney, Michigan, filed suit against the Deputy Warden and Assistant Resident Unit Manager there, alleging defendants violated their constitutionally protected liberty interest as a result of their decision to deny plaintiffs continued placement in the Community Resident (furlough) Program after they were found to be substance abusers. Defendants filed a motion for summary judgment to which plaintiffs responded. The matter was referred to a magistrate whose report and recommendation the district court adopted over plaintiff's timely objections.
 
 
 4
 Upon consideration, we conclude that the district court properly entered summary judgment for defendants because plaintiff failed to prove the existence of a genuine issue of material fact and the defendants were entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).
 
 
 5
 Initially, we find that because the notice of appeal was signed by, and names only Charles Williams as an appellant, the "et al." designation does not bring any additional parties under this court's jurisdiction and the district court's order of dismissal is final as to them. See Torres v. Oakland Scavenger Co., 108 S.Ct. 2405, 2407 (1988).
 
 
 6
 Further, we conclude that summary judgment was proper with respect to Williams's fourteenth amendment claim. Williams's claim that his removal from the Community Residence Program to minimum security at Corrections Camp Brighton violated his rights is meritless as he has no protected liberty interest in obtaining or maintaining placement in furlough. See Pugliese v. Nelson, 617 F.2d 916, 923-24 n. 6 (2d Cir.1980) (citing Smith v. Saxbe, 562 F.2d 729, 734 (D.C.Cir.1977)). Likewise, no state-created interest in such freedom exists in Michigan, as there are no substantive limitations placed on official discretion regarding the determination as to who may be eligible for community status. See Olim v. Wakinekona, 461 U.S. 238 (1983). Such discretion rests solely with the Warden of the Michigan Department of Corrections. See Mich.Comp.Laws Sec. 791.265(a) (1982); Luttrell v. Dep't of Corrections, 421 Mich. 93, 101, 104, 365 N.W.2d 74, 80 (1984).
 
 
 7
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Sam H. Bell, U.S. District Judge for the Northern District of Ohio, sitting by designation